EDWARDS v. SUPERVISORS OF PUBLIC ROADS OF MANNING TOWNSHIP.

(October 16, 1900.)

*Highways—Obstruction—Fences—Injunction.*

> Under Acts 1899, chap. 437, fence commissioners are proper parties to maintain injunction against a board of road supervisors to prevent removal of gates across a highway erected in pursuance of such act, and a restraining order enjoining the road supervisors from removing such gates should have been continued to the hearing.

SUIT by William Edwards and others, Fence Commissioners, against the Board of Supervisors of Public Roads of Manning Township. From an order vacating a restraining order, heard and allowed by Judge *E. W. Timberlake,* at Chambers, at Louisburg, July 7, 1900, the plaintiffs appealed.

*F. S. Spruill,* for plaintiffs.
*W. M. Person,* for defendants.

CLARK, J. By chapter 437, acts 1899, certain territory in Nash County was placed in stock-law territory, and the plaintiffs were subsequently appointed, under the authority of said act, Fence Commissioners. Section 5 provides that said Fence Commissioners shall have all the powers of Fence Commissioners "in any other fence-law territory" in this State. Section 3 provides that chapter 20, volume 2 of The

Code shall apply to the territory herein described. Code, sec. 2821, which is in said chapter 20, authorizes any persons owning land adjoining stock-law territory to have their lands taken within the same. . Under this authority, certain land-owners adjoining the territory described had their lands taken within the stock-law fence, and gates were erected across the roads where their outside boundaries came, instead of where the boundaries of the territory described in the act would have crossed. In this there was nothing not authorized by law. The defendants, the Township Board of Supervisors of Public Roads, made an order to remove the gates, whereupon the plaintiffs obtained a restraining order against such action upon a complaint setting forth the above facts, and the irreparable injury to crops in the stock-law territory if such gates should be taken down, sustaining the same by affidavits of the adjacent land-owners who have been taken into the stock-law territory. The defendants can not rely upon Code, sec. 2058, which requires license to be obtained to erect gates across a public road, because, by chapter 77, acts 1885, that section does not apply to stock-law territory. We think the duties of the Fence Commissioners, as quasi trustees, authorized them to maintain this action against the tearing down of the gates erected by them. Doubtless they were further competent by being land-owners within the stock-law inclosure. The restraining order should have been continued to the hearing.

Error.